NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR AVILA LOPEZ,<br><br>               Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No.   19-72590<br><br>Agency No. A205-465-837<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2021[**]
San Francisco, California

Before:  McKEOWN, IKUTA, and BRESS, Circuit Judges.

Edgar Avila Lopez ("Lopez"), a citizen of Guatemala, petitions for review of

a Board of Immigration Appeals ("BIA") decision dismissing his appeal of an

Immigration Judge ("IJ") order denying Lopez's claims for withholding of removal

and protection under the Convention Against Torture ("CAT").  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.      Substantial evidence supports the denial of withholding of removal. 8 U.S.C. § 1231(b)(3). The BIA reasonably determined that the harm Lopez experienced in Guatemala, consisting of an assault and related threats, did not rise to the level of past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("Persecution . . . is an extreme concept that does not include every sort of treatment our society regards as offensive." (quotations omitted)).

Nor does the record compel the conclusion that Lopez demonstrated a clear probability of future persecution on account of a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017); *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014); 8 C.F.R. § 208.16(b)(2). While Lopez claims he will be harmed based on his political opinion of "refusing to assist criminal gangs," he presented no evidence of political or ideological opposition to MS-13, and he testified that he consciously avoided protesting or otherwise taking action against gangs.

Lopez also claims he will be persecuted because of his membership in the particular social group "young Guatemalan boys who oppose gang violence and whom the police were unwilling or unable to control." Even assuming that such a group is cognizable, substantial evidence supports the BIA's determination that any

2

harm Lopez faced was based on the gang's efforts to obtain money and its general desire to recruit him, and not on account of his membership in a particular social group or other protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").[1]

2.     Substantial evidence supports the denial of CAT relief. To qualify for CAT relief, Lopez must have "establish[ed] that it is more likely than not that [he] would be tortured if returned to [Guatemala]." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). The torture must also be "inflicted by or at the instigation of or with the consent or acquiescence of a public official . . . or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). No evidence compels a finding that Lopez suffered past torture. Nor has Lopez put forward evidence that would compel the conclusion that the government of Guatemala or private actors with government consent or acquiescence would torture him.

**PETITION FOR REVIEW DENIED.**

---

[1] Lopez also claims membership in particular social groups consisting of crime victims and whistleblowers. But these groups were not advanced before the IJ or BIA, and we therefore lack jurisdiction to consider them. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).